*Singh v. Garland*

BIA
Poczter, IJ
A208 617 694

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> > *Circuit Judges*.

_____

GURPAL SINGH,
> *Petitioner*,

v.                                            19-2139
                                              NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Bruno Joseph Bembi, Esq.,
                         Hempstead, NY.

FOR RESPONDENT:          Brian M. Boynton, Assistant
                         Attorney General; Anthony C.

Payne, Assistant Director; Neelam Ihsanullah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpal Singh, a native and citizen of India, seeks review of a June 18, 2019 decision of the BIA affirming a January 17, 2018 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurpal Singh*, No. A208 617 694 (B.I.A. June 18, 2019), *aff'g* No. A208 617 694 (Immigr. Ct. N.Y.C. Jan. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

2

(2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's conclusion that Singh was not credible as to his claim that he was attacked by members of rival political parties.

Singh argues that, in making its adverse credibility

3

determination, the agency erred in relying on third-party omissions relating to his grandfather's involvement in the political party that Singh claimed to support. *See Hong Fei Gao*, 891 F.3d at 81 ("[W]here a third party's omission creates no inconsistency with an applicant's own statements—an applicant's failure to explain third-party omissions is less probative of credibility . . . ."). However, even assuming *arguendo* that the agency placed undue weight on those third-party omissions, the other findings provide sufficient support for the adverse credibility determination. *See Singh v. Garland*, No. 17-2368, --- F.4th ---, 2021 WL 3176764, *4–8 (2d Cir. 2021) ("Where . . . an IJ relies on multiple bases, some of which are erroneous and the remainder of which are, when viewed together, legally sufficient to satisfy the substantial evidence requirement . . . [we] might simply affirm the ruling based on confidence that the agency would adhere to the adverse credibility finding notwithstanding disqualification of some of its asserted bases.").

The record supports the agency's conclusion that Singh was inconsistent and unclear about who attacked him and which political party he fears in India. This inconsistency

4

provides substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (concluding that a "material inconsistency in an aspect of [the] story that served as an example of the very persecution from which [Petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks and citation omitted)). The adverse credibility determination is bolstered by the IJ's finding that Singh was evasive and nonresponsive even in response to questioning by his own attorney. *See Likai Gao v. Barr*, 968 F.3d 137, 150 (2d Cir. 2020). Singh's argument related to the remainder of the demeanor finding is misplaced because the BIA explicitly did not rely on the contested portions of the IJ's decision. *See Xue Hong Yang*, 426 F.3d at 522. Finally, Singh has waived any challenge to the agency's determination that he failed to rehabilitate his testimony with corroborating evidence. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

5

In sum, the inconsistency regarding which party attacked Singh and which party he fears provides substantial evidence for the adverse credibility determination, which is bolstered by the IJ's demeanor and corroboration findings. *See Xiu Xia Lin*, 534 F.3d at 167–68. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief rely on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6